UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. WALSH,
          Plaintiff

       -vs-

NORFOLK SOUTHERN CORP. and
CONSOLIDATED RAIL CORP.,
          Defendants

CIVIL NO. 3:CV-03-0617

(Judge Kosik)

# **MEMORANDUM AND ORDER**

    This matter is before us on the motion of the Defendants for summary judgment in an action filed pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. §51, et seq.  Defendants claim plaintiff is unable to establish the required elements of his negligence claims against the defendants because he is unable to present evidence that defendants breached a duty to provide a reasonably safe work place, and that his injuries were foreseeable and were caused by defendants.

    Since we write for the parties, we need not allude to the required elements to establish a claim under FELA or the respective burdens of the parties when a motion for summary judgment is filed.  The briefs filed in support and in opposition to the motion reflect a common understanding of these precepts.

## **Background**

    Plaintiff, James Walsh, was employed as a heavy equipment operator (primarily tractor trailer) by defendants for some twenty years.  He claims that after a reduction in force, he was required to work in a work environment in which there was insufficient manpower to perform the work safely.  He was required to work excessive hours with inadequate rest, and unhealthy work lifestyle, which resulted in the injury and aggravation of pre-existing physical conditions, i.e., cardiac injury and aggravated pre-

existing cardiac problems. In addition, he suffered prior back injuries requiring lifting restrictions of which defendants were aware. Paragraph 50 of the Amended Complaint offers discrete workplace conditions in which defendants were negligent in causing plaintiff's injuries.

Defendants either deny the allegations of negligence on their part, or attribute many deficiencies in plaintiff's work life, as well as life in general, to plaintiff's personal habits. They claim plaintiff fails to establish any negligence on their part that they breached a duty to provide a reasonably safe workplace which in any way caused injuries they could have anticipated based on any known potential hazard in the workplace.

## Discussion

Defendants rely principally on *Gottshall v. Consolidated Rail Corp.*, 512 U.S. 532, 114 S.Ct. 2396 (1994) for their claim that there is no evidence that they breached their duty to provide a reasonably safe workplace. Characterizing plaintiff's case as one seeking relief for purely emotional well being or mental health problems resulting in some physical injury, they point to *Gottshall* for holding that FELA did not impose a duty on a railroad to ensure the "emotional well being" and "mental health" of its employees. In *Gottshall*, the court reasoned that the core of the complaint in that case was that plaintiff had been given too much, not too dangerous, work to do.

In *Gottshall*, a crew, while under pressure in their work activities, were called upon to render assistance to a longtime friend of plaintiff who collapsed and ultimately died. The experience left plaintiff "extremely agitated and distraught." Plaintiff continued to work under similar work conditions for the next several days. He was preoccupied with circumstances surrounding his friend's death, as well as apprehension that the same would occur to him. After his friend's funeral, plaintiff was admitted to a psychiatric institution where his diagnosis was "major depression and post traumatic disorder." He lost weight, experienced nausea, insomnia, repetitive nightmares and

2

suffered from suicidal preoccupations and anxiety. After discharge from the institution, plaintiff continued with psychological treatment.

Plaintiff in *Gottshall* sued under FELA for "negligent infliction of emotional distress" resulting from Conrail's negligence in creating circumstances under which he had been forced to observe and participate in events surrounding his friend's death. In the present case, plaintiff makes no claim for emotional distress. Defendants, at most, imply such to be the claim. We must presume that the defendants' implication comes from crediting plaintiff's counsel's ingenuity in stating a case designed to avoid the *Gottshall* ruling. We do not. The *Gottshall* court in defining "negligent infliction of emotional distress" said this contemplates "mental or emotional injury,". Further, the court said, "The injury we deal with here is mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Gottshall*, 114 S.Ct. at 2405. The present case is more appropriately consistent with the physical injury and result in *Walsh v. Consolidated Rail Corp.*, 937 F.Supp. 380 (E.D.Pa. 1996) where the court distinguishes *Gottshall* in the same manner as we have done here. In denying the railroad's motion for summary judgment, the court held that the railroad had a duty not to aggravate known disabilities by assigning work reasonable persons would realize might aggravate a disability. *Id.* at 383.

On the issue of causation, the defense attempts to bolster its stand by references to the deposition testimony of one of plaintiff's medical experts, Nicholas DePace, M.D., whose diagnosis makes some attribution to stress and anxiety, along with other causes dealing directly with plaintiff's physical manifestations resulting from unsafe duties. At page 48, Dr. DePace states that his job responsibilities "attributed [contributed]" to his heart problems along with stress. On page 51 of his deposition, Dr. DePace was asked by defense counsel what specific job responsibilities contributed to plaintiff's condition. He attributed plaintiff's condition to required overworking without rest because of his

erratic hours. At pages 55-56, he was asked if plaintiff was overworked. Again, his response was ". . . overworked with adverse working environments . . .". Coupled with the fact that plaintiff's strenuous work was being brought to the attention of his supervisors by plaintiff, and supported by fellow employees, the defendants were fully aware of his work conditions. Of course, defendants offer evidence which is contradictory and in support of its factual version of events. This very divergence in facts gives rise to genuine issues of material facts made obvious by this Memorandum. It warrants denial of the defense motion for summary judgment.

    SO ORDERED.

                                      s/Edwin M. Kosik
                                      United States District Judge

Date: May 24, 2005